UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES W. RAY,

    Plaintiff,

v.                                              Case No. 3:20-cv-213-J-32JRK

LARRY A. LONGHI,

    Defendant.

## O R D E R

This case comes before the Court on two post-arbitration motions. Plaintiff James Ray filed the Petition to Vacate Arbitration Award (Docs. 1, 1-10) to vacate the award issued in Longhi v. Ray, No. 19-01860, Financial Industry Regulatory Authority, Inc. ("FINRA") Office Of Dispute Resolution (Dec. 19, 2019) (the "Award") (Doc. 1-3). Ray subsequently filed an Amended Memorandum of Law in Support of Petitioner's Amended Petition to Vacate Arbitration Award. (Doc. 7). Defendant Larry Longhi filed a response opposing vacatur of the Award and moves the court to confirm the Award. (Doc. 10).

**I.  BACKGROUND**

In the underlying arbitration, Longhi, a Florida citizen, filed breach of contract, breach of fiduciary duty, and negligence claims against Ray, who is also a Florida citizen. (Docs. 1-1; 1-2 at 1, 1-3 at 1). In addition, Longhi claimed that Ray agreed to pay Longhi $159,000 in a pre-suit settlement, and that the

arbitration was commenced to enforce the settlement. (Doc. 1-3 at 1). In total, Longhi sought damages of $412,000. (Doc. 1-2 at 1). After holding a hearing in Jacksonville, Florida, a panel of three arbitrators unanimously rendered an award against Ray in the amount of $159,000 plus interest at the rate of 4.75 percent per annum from May 10, 2019 until the Award is paid in full. (Docs. 1-2 at ¶ 9; 1-3 at 2, 4). The arbitral panel also ordered Ray to pay Longhi $300 to cover Longhi's FINRA arbitration filing fee. (Doc. 1-3 at 3).

During the arbitration proceedings, Arbitrator Nicholas J. Taldone served as Public Arbitrator and Presiding Chairperson (Doc. 1-3 at 4). Under FINRA Rules, to qualify as a public arbitrator certain criteria must be met:

**FINRA Rule 12100(y)(5)**

> A person shall not be designated as a public arbitrator who is employed by, or is a director or officer of, an entity that directly or indirectly controls, is controlled by, or is under common control with, any partnership, corporation, or other organization that is engaged in the financial industry unless the affiliation ended more than five calendar years ago.

(Doc. 1-6).

**FINRA Rule 12100(y)(6)**

> A person shall not be designated as a public arbitrator who is an attorney . . . who has devoted 20 percent or more of his or her professional time, in any single calendar year, to any entities listed in paragraph (y)(1)[1] and/or to any persons or entities associated

---

[1] FINRA Rule 12100(y)(1) stipulates that a "person shall not be designated as a public arbitrator who is, or was, associated with, including

2

>with any of the entities listed in paragraph (y)(1) unless the calendar year ended more than five calendar years ago.

Id.

**FINRA Rule 12100(y)(7)**

>A person shall not be designated as a public arbitrator who is an attorney . . . who has devoted 20 percent or more of his or her professional time, in any single calendar year, to representing or providing services to parties in disputes concerning investment accounts or transactions, or employment relationships within the financial industry unless the calendar year ended more than five calendar years ago.

Id.

**FINRA Rule 12100(y)(8)**

>A person shall not be designated as a public arbitrator if the person is an employee of a bank or other financial institution and the person effects transactions in securities . . . or supervises or monitors the compliance with the securities and commodities laws of employees who engage in such activities unless the affiliation ended more than five calendar years ago.

Id.

In his Oath of Arbitrator Submission, Arbitrator Taldone reported that he had not been employed by an entity organized under or registered pursuant to the Securities Exchange Act of 1934, Investment Company Act, or the

---

registered through, under, or with (as applicable):" a broker, a dealer, the Commodity Exchange Act or the Commodities Future Trading Commission, the National Futures Association, the Municipal Securities Rulemaking Board, an investment adviser, a mutual fund or hedge fund, or an entity that is organized under or registered pursuant to the Securities Exchange Act of 1934, Investment Company Act of 1940, or the Investment Advisers Act of 1940.

3

Investment Advisers Act of 1940; that he had not devoted more than twenty percent of his time representing clients in the financial industry; and that he was not representing any investors or broker-dealers at the time of the underlying arbitration. (Doc. 1-9 at 7, 10). In his Arbitrator Disclosure Report, Arbitrator Taldone disclosed that, at the time of the arbitration, he was representing individuals adverse to companies in the securities industry, that he had previously served as counsel to investors in securities cases, that he had previously been employed as General Counsel by a publicly traded corporation, and that less than ten percent of law he practiced involved securities and investors. (Doc. 1-4 at 2, 6).

After Ray filed the motion to vacate the Award before this Court, FINRA investigated Arbitrator Taldone and confirmed that he met the requirements to be listed as a public arbitrator during the course of the <u>Longhi v. Ray</u> arbitration proceedings. (Doc. 10-2 at 4).

## II. DISCUSSION

### A. Ray's Motion to Vacate the Award

Ray asserts that the Award should be vacated under the Federal Arbitration Act ("FAA") or the Florida Arbitration Code ("FAC") because (1) "the Arbitrators failed to make a full and proper disclosure of their conflicts to the Respondent;" (2) "the Arbitrators exceeded their powers, or so imperfectly executed them, or both, that a mutual, final and definite award upon the subject

4

matter submitted was not made;" and (3) "the Arbitrators acted in knowing, willful, and manifest disregard of the law." (Doc. 7 at 2).

The determination of whether the FAA or the FAC governs depends on whether the parties' arbitration agreement involves interstate commerce. "When an arbitration agreement involves interstate commerce, the [FAA] governs, supplemented by the [FAC] to the extent that the FAC does not conflict with the FAA." UBS Financial Serv. Inc. v. Walzer, No. 9:19-CV-81161-ROSENBERG/REINHART, 2019 WL 7283220, at *2 (S.D. Fla. Dec. 27, 2019); see also Kong v. Allied Prof'l Ins. Co., 750 F.3d 1295, 1303 (11th Cir. 2014) ("The FAA applies to all contracts involving interstate commerce."); 9 U.S.C. § 1-2. Surprisingly, the parties have not provided details on the contents or scope of their arbitration agreement.[2] Nevertheless, the provisions of the FAA and FAC relevant to this dispute are consistent.

"Under the [FAA], federal courts have limited authority to vacate or modify an arbitration award. Vacatur is allowed 'only in very unusual circumstances,' and those circumstances are described in the [FAA]." Gheradi v. Citigroup Global Markets Inc., 975 F.3d 1232, 1236 (11th Cir. 2020) (quoting First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942 (1995); see also

---

[2] The record shows that both parties reside in Florida, but this is not sufficient information to determine the interstate character of the parties' arbitration agreement.

5

Aralar v. Scott McRea Auto. Group, LLLP, No. 3:16-cv-146-J-JBT, 2018 WL 1806584, at *2 (M.D. Fla. Apr. 17, 2018). The FAA prescribes vacatur in cases in which there is fraud, bias, or procedural misconduct. 9 U.S.C. § 10(a)(1)–(3). A district court may also vacate an arbitration awards if it finds that "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Id. § 10(a)(4). The relevant sections of the FAC mirror the FAA's grounds for vacating arbitration awards. See FLA. STAT. § 682.13(a)–(b), (d).

> 1. Ray waived his right to vacate the award on the basis of arbitrator partiality.

In Barclays Capital Inc. v. Platt, the District Court for the Southern District of Florida court explained that under Section 10(a)(2) of the FAA:

> Evident partiality exists where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration. Accordingly, an arbitration award may be vacated due to evident partiality of an arbitrator only when either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists. The partiality in question must be direct, definitive and capable of demonstration rather than remote, uncertain and speculative. As a result, the mere appearance of bias or partiality is not enough to set aside an arbitration award.

No. 15-21850-civ-MARTINEZ-GOODMAN, 2018 WL 10759189, at *2 (S.D. Fla. Dec. 26, 2018) (internal citations and quotation marks omitted); see also University Commons-Urbana, Ltd. v. Universal Constructors Inc., 304 F.3d 1331, 1341 (11th Cir. 2002) ("[F]or an award to be vacated, the arbitrator must

6

not have disclosed enough information for a reasonable person to realize that a potential conflict existed. Otherwise, the party would have—or, at least, should have—recognized the conflict at the time of the disclosure, and promptly objected."); Amalgamated Transit Union, Local 1579 v. City of Gainesville, 264 So.3d 375, 380 (Fla. 1st DCA 2019) (Under Florida law, "[t]he correct test for weighing an arbitrator's evident partiality consists of judging whether the complaining party made a showing through credible evidence, giving rise to a reasonable impression of partiality that was direct, definite, and capable of demonstration, as distinct from a mere appearance of bias that was remote, uncertain, and speculative.") (internal quotation marks omitted). "The burden of demonstrating facts which would establish a reasonable impression of partiality is on the party challenging the award." see also Perez v. Cigna Health & Life Ins. Co., No. 8:18-cv-1862-T-60JSS, 2020 WL 3473735, at *4 (M.D. Fla. Jun. 4, 2020) (citing Austin S. I, Ltd. v. Barton-Malow Co., 799 F. Supp. 1135, 1142 (M.D. Fla. 1992) (internal quotation marks omitted).

In addition, the Eleventh Circuit has reasoned that a movant waives the right to vacate an award under Section 10(a)(2) of the FAA if the movant did not contest the arbitrator's appointment despite evidence of the arbitrator's partiality being disclosed during the arbitration proceedings. University Commons-Urbana, 304 F.3d at 1340–41. Put simply, any instance of alleged partiality is waived if the party moving to vacate was aware of an arbitrator's

7

partiality during arbitration and failed to act. Cf. Stone v. Bear, Steans & Co., 872 F. Supp. 2d 435, 439 (E.D. Pa. 2012) (finding that the petitioner "waived any failure-to-disclose-based challenge to the award because he failed to investigate the arbitrators as diligently before the arbitration as he did after he lost.") (emphasis in original).

Here, Ray posits that Arbitrator Taldone's purported partiality arises out of his failure to properly disclose the scope and extent of his representation of clients in securities cases. (Doc. 7 at 6–7). However, Arbitrator Taldone timely disclosed all relevant information in his arbitrator disclosure report and oath of arbitration submission, and these documents were readily available to Ray during the arbitration. (Docs. 1-9; 1-4; 1-7). Notably, Arbitrator's Taldone's disclosures, in addition to the findings of the FINRA investigation, (Doc. 10-2 at 4), support that Arbitrator Taldone met the requirements to be qualified as public arbitrator under FINRA Rules and thus was properly appointed to the arbitral panel. In any case, Ray waived his ability to raise the partiality issue before this Court because he had the opportunity to question or raise objections to Arbitrator Taldone's appointment during the arbitration proceeding but did not do so.

    2. <u>The arbitral panel did not exceed its authority.</u>

Ray argues that the arbitral panel exceeded its authority because it issued the Award despite Arbitrator Taldone's purported failures to properly

8

disclose material information and meet FINRA's public arbitrator criteria. (Doc. 7 at 7).

"The FAA expressly provides that where a method for appointment is set out in [an] arbitration agreement, the agreed upon method of appointment 'shall be followed.'" Brook v. Peak Int'l, Ltd., 294 F.3d 668, 672–73 (5th Cir. 2002) (citing 9 U.S.C. § 5); see also Szuts v. Dean Witter Reynolds, Inc., 931 F.2d 830, 831 (11th Cir. 1991) ("The power and authority of arbitrators in an arbitration proceeding is dependent on the provisions under which the arbitrators were appointed."). Accordingly, courts have held that an award entered by arbitrators who were selected by a method that did not conform to the method provided in parties' arbitration clause should be vacated. See Bulk v. Morgan Stanley DW Inc., 450 F.3d 622, 625 (5th Cir. 2006) ("Courts do not hesitate to vacate an award when an arbitrator is not selected according to the contract-specified method."); see also Szuts, 931 F.2d at 831 ("Because the arbitrators violated the provisions of the arbitration agreement requiring arbitration before at least three arbitrators, they exceeded their authority under the arbitration agreement."). As described above, the record supports that Arbitrator Taldone made adequate disclosures and that he was qualified to serve as a public arbitrator. Therefore, the arbitral panel was properly composed under the FINRA Rules. Also, by failing to object to the arbitral panel's exercise of jurisdiction during the arbitral proceedings, Ray waived his

9

right to challenge the award on such a basis before this Court. See, e.g., Ardis v. Anderson, 662 F. App'x 729, 732 n.3 (11th Cir. 2016) (reasoning that because "the plaintiff participated in the arbitration proceeding through its conclusion, while represented by counsel, without ever challenging the manner in which the arbitrator was selected [, he had] thus waived his right to do so in subsequent proceedings.") (collecting cases); Della Penna v. Zabawa, 931 So.2d 155, 164 (Fla. 5th DCA 2006) (ruling that "[the movant] waived the [arbitrator] selection issue by failing to object to the panel's exercise of jurisdiction [during arbitration]"); see also id. ("An arbitrator's jurisdiction derives from the parties' agreement and can broaden during the course of arbitration by waiver, failure to object and consent.") (internal quotation marks omitted).

   3. <u>Manifest disregard of the law is not a valid basis for vacatur.</u>

Under the FAA and FAC, manifest disregard of the law is not a valid basis upon which a court may vacate an arbitration award. The Eleventh Circuit recently explained that "[l]ike several of [its] sister circuits, [the court] previously recognized a variety of non-statutory grounds for vacatur, including 'manifest disregard of the law.' But based on the Supreme Court's decision in [Hall St. Assocs., LLC v. Mattel, Inc., 552 U.S. 576 (2008)], [the Eleventh Circuit] ha[s] since held that these judicially-created grounds violate the FAA." Gheradi, 975 F.3d at 1236 n.3.

10

Florida state courts have similarly rejected manifest disregard as a basis for vacatur under the FAC. Manifest disregard is not expressly incorporated as a grounds for vacatur in the FAC, and the Florida Supreme Court has clarified that "[§] 682.13(1) sets forth the only grounds upon which an award of an arbitrator may be vacated."[3] See Visiting Nurse Ass'n of Florida, Inc. v. Jupiter Med. Ctr., Inc., 154 S0.3d 1115, 1134 (Fla. 2014); see also Dunn v. Citigroup Global Markets, Inc., No. 10-81469-CIV-MARRA/JOHNSON, 2011 WL 13227889, at *5 (S.D. Fla. Jul. 15, 2011) ("[I]t is not even certain that manifest disregard of the law is a viable basis under Florida law, as the Florida arbitration statute, like the FAA, does not provide such a standard of review."). The parties have not identified any cases that suggest otherwise.

### B.     Longhi's Motion to Confirm the Award

As Ray has failed to meet the heavy burden on his motion to vacate, the Court must confirm the Award. See Cat Charter, LLC v. Schurtenberger, 646

---

[3] Florida courts have also explained that:

> In Florida, arbitration is a favored means of dispute resolution and courts should indulge every reasonable presumption to uphold proceedings resulting in an award. Review of arbitration decisions is extremely limited . . . . No provision in the Florida Arbitration Code authorizes trial judges to act as reviewing courts in the same way that a court of appeals reviews trial judges' legal decisions.

Cassedy v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 751 So.2d 143, 150 (Fla. 1st DCA 2000) (internal citations omitted).

11

F.3d 836, 842 (11th Cir. 2011) ("[T]he FAA imposes a heavy presumption in favor of confirming arbitration awards; therefore, a court's confirmation of an arbitration award is usually routine or summary.") (internal quotation marks omitted); Obas v. Ritz-Carlton Hotel Co., LLC, No., No. 2:17-cv-150-FtM-38MRM, 2018 WL 8919446, at *1 (M.D. Fla. Oct. 10, 2018) ("Upon application for an order confirming an arbitration award, 'the court must grant such an order unless the award is vacated, modified, or corrected' as set forth in Title 9, United States Code, Sections 10 and 11") (quoting 9 U.S.C. § 9); SEIU Florida Public Serv. Union, CTW, CLC (FPSU) v. City of Boynton Beach, 89 So.3d 960, 961 (Fla. 4th DCA 2012) ("The language of [FAC] section 682.12 is mandatory. . . .").

### C. Longhi's Request for Sanctions / Attorneys' Fees

Longhi seeks an award of attorneys' fees against Ray and Ray's counsel for filing a "frivolous" motion to vacate. (Doc. 10 at 17). Because neither Ray, nor Richard E. Brodsky, the counsel who signed the motion to vacate on behalf of Ray (Doc. 1), nor Christopher Warren, the counsel who signed the amended memorandum of law in support of Ray's motion to vacate (Doc. 7), have had an adequate opportunity to respond, the Court will issue an order to show cause.

Accordingly, it is hereby

**ORDERED:**

12

1. Plaintiff James W. Ray's Motion to Vacate the Arbitration Award (Doc. 1) is **DENIED**.

2. Defendant Larry A. Longhi's Motion to Confirm the Arbitration Award (Doc. 10) is **GRANTED**. The Court will enter a final judgment and order of confirmation.

3. Based on Defendant Longhi's request for sanctions in the Response and Counterpetition to Confirm Arbitration Award (Doc. 10), Plaintiff Ray and attorneys Richard E. Brodsky and Christopher D. Warren should **SHOW CAUSE no later than February 28, 2021** why sanctions should not be imposed upon them jointly and severally. Failure to timely respond or adequately show cause will result in sanctions being imposed without further notice.[4]

4. The Clerk shall withhold entry of judgment until the sanctions issue is resolved.

---

[4] While these counsel were previously permitted to withdraw (Doc. 17), the Clerk should return them to the docket so that the sanctions issue can be resolved.

13

**DONE AND ORDERED** in Jacksonville, Florida the 29th day of January, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

tn
Copies:

Counsel of Record

James W. Ray (PRO SE)
4401 Lakeside Dr.
Unit 504
Jacksonville, FL 32210
Email: Jray11231956@gmail.com

Richard E. Brodsky
The Brodsky Law Firm
1600 Ponce de Leon Blvd Ste 1057
Coral Gables, FL 33134
Email: rbrodsky@thebrodskylawfirm.com

Christopher D. Warren
Galbraith & Warren, PLLC
236 West 30th Street, 5th Floor,
New York, NY 10001
Email: chris@galbraithwarrenlaw.com